**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiff, | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-409 |
| KACI LEI BROCK, KARLEI HEMLER, KASSIDEI HEMLER, JEREMY HEMLER HEIDI HEMLER KING, BLUE WORLD POOLS, INC., THE UNITED STATES OF AMERICA *EX REL*. ADMINISTRATOR OF THE U.S. SMALL BUSINESS ADMINISTRATION, KELLY LOEFFLER,<br><br>Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before this court is Plaintiff Deutsche Bank National Trust Company*, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass-Through Certificates, Series 2007-HE7's* ("Plaintiff"), claims against Defendants Kaci Lei Brock, Karlei Hemler, Kassidei Hemler, Kaylei Hemler, Jeremy Hemler, Heidi Hemler King, Blue World Pools, Inc., and the United States of America *ex rel.* Administrator of the United States Small Business Administration, Kelly Loeffler ("SBA") (collectively, "Defendants"). Having considered the relevant pleadings, the submissions of the parties, the record, and the applicable law, this court is of the opinion that subject matter jurisdiction is lacking. Therefore, this action should be dismissed *sua sponte*.

I. Background

On August 12, 2025, Plaintiff filed its Original Complaint (#1) against Defendants, seeking foreclosure of the real property and improvements located at 3101 Hickory Avenue, Groves, Texas 77619. In the complaint, Plaintiff asserts that this court "has original jurisdiction over this matter pursuant to 28 U.S.C. § 2410 because this lawsuit involves a claim for foreclosure of a property that is encumbered by a lien held by the United States." The complaint further contends, "without SBA as a party, this Court has jurisdiction over the controversy under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and the remaining Defendants, and the amount in controversy exceeds $75,000.00."

On January 29, 2026, the SBA filed an answer (#22). On March 16, 2026, an agreed Consent Order between Plaintiff and the SBA was entered (#29). Defendants Kaci Lei Brock, Karlei Hemler, Kassidei Hemler, Kaylei Hemler, Jeremy Hemler, Heidi Hemler King, Blue World Pools, Inc. ("Defaulting Defendants") did not file an answer or otherwise appear, and the Clerk entered a Default (#27) against the Defaulting Defendants. On March 10, 2026, Plaintiff filed a motion for default judgment (#26), which is currently pending before the court.

On July 14, 2026, the court entered an order directing Plaintiff to file supplemental briefing addressing why this case should not be dismissed and the Consent Order (#29) vacated for lack of subject matter jurisdiction. Only July 24, 2026, Plaintiff filed a Jurisdictional Brief (#32). In its brief, Plaintiff asserts federal question jurisdiction exists under 28 U.S.C. § 2410 because the claim involves a foreclosure of property that is encumbered by a lien held by the United States. At issue is whether § 2410 provides an independent basis for subject matter jurisdiction, and consequently, whether Plaintiff's claim should proceed. The court finds it lacks subject matter

jurisdiction over this claim because § 2410 does not provide an independent basis of subject matter jurisdiction. Plaintiff also maintains that the interests of judicial economy and fairness weigh against dismissal at this stage of the proceeding. Plaintiff, however, does not reassert that this court has jurisdiction under 28 U.S.C. § 1332.

II. Analysis

A. Subject Matter Jurisdiction Standard

"Federal courts are courts of limited jurisdiction." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Rasul v. Bush*, 542 U.S. 466, 489 (2004). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)); *see Hain Celestial Grp., Inc.*, 607 U.S. at 431. The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a case arises under federal law or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Royal Canin U.S.A., Inc.*, 604 U.S. at 26; *Home Depot U.S.A., Inc.*,

587 U.S. at 437; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot U.S.A., Inc.*, 587 U.S. at 437-38. "Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* (quoting *Exxon Mobil Corp.*, 545 U.S. at 552). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)); *see Simons v. Davis*, No. 20-40570, 2022 WL 3226619, at *1 (5th Cir. Aug. 10, 2022) (quoting *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018)); *Krim v. PcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Subject matter jurisdiction "cannot be created by waiver or consent." *PNC Bank Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 572 (5th Cir. 2025) (quoting *Howery*, 243 F.3d at 919); *Biziko v. Van Horne*, 981 F.3d 418, 420 (5th Cir. 2020); *accord Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011). In any event, the court must always be mindful of "the first principle of federal jurisdiction," which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Texas v. Travis County*, 910 F.3d 809, 811 (5th Cir. 2018) (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)); *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

B. Section 2410

"[T]he proponents of federal-court jurisdiction carry the burden of establishing it" by alleging, in their complaint, "a plausible set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Plaintiff has alleged "federal question jurisdiction" exists under 28 U.S.C. § 2410.

Section 2410 provides: "[u]nder the conditions prescribed in this section and [§] 1444 of this title . . . the United States may be named a party in any civil action or suit in any district court . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Section 1444, in turn, states: "Any action brought under [§] 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444.

Section 2410 "only waives sovereign immunity," and the statute "does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002); *see Lewis v. Hunt*, 492 F.3d 565, 571-72 (5th Cir. 2007) (explaining that § 2410's "purpose" is to serve "as a lien removal statute"); *accord Planet Home Lending, LLC v. Waterwall*, No. 25-CV-387, 2026 WL 1084006, at *1-2 (S.D. Tex. Apr. 6, 2026), *adopted by* 2026 WL 1081200, at *1 (S.D. Tex. Apr. 21, 2026); *Lakeview Loan Servicing, LLC v. Tennyson*, No. 25-CV-1232, 2026 WL 799709, at *3-4 (N.D. Tex. Mar. 23, 2026). Thus, the court will not treat § 2410 as a jurisdiction-conferring statute. Plaintiff also alleges that § 2410 creates "federal question jurisdiction" under § 1331. The matter, however, involves enforcement of a mortgage

lien and foreclosure as a remedy—nothing about that claim "turn[s] on construction of federal law." *Tennyson*, 2026 WL 799709, at *4. Accordingly, the court does not find that federal question jurisdiction exists because of § 2410.

The court is aware of other district courts within the Fifth Circuit that have come to the opposite conclusion—stating § 2410 does confer federal subject matter jurisdiction. *See Nationstar Mortg. LLC v. Salas Cervantes*, No. 4:25-CV-00096-ALM-BD, 2025 WL 3248716, at *2 (E.D. Tex. Nov. 20, 2025) ("Because § 2410 creates a federal cause of action, it will support subject[ ]matter jurisdiction under § 1331." (citing *Sw. Stage Funding, LLC v. Moore*, No. 4:24-CV-00629-ALM-BD, 2025 WL 2591591, at *2 (E.D. Tex. Aug. 25, 2025), *adopted by* No. 4:24-CV-00629, 2025 WL 2659733 (E.D. Tex. Sept. 17, 2025))), *adopted by* 2025 WL 3543630 (E.D. Tex. Dec. 10, 2025). The court, however, is persuaded that the Fifth Circuit's decision in *Hussain* governs. *Hussain*, 311 F.3d at 629 (stating § 1444 and § 2410 have a conditional relationship).

Under *Hussain*, federal subject matter jurisdiction under § 2410 is proper only if the proceeding was removed by the government to a federal district court under § 1444. *Id.* Because this case was filed in federal court—not removed from state court—jurisdiction is lacking. Cases that have made a contrary finding have relied on two unpublished decisions of the United States Court of Appeals for the Fifth Circuit: *Bartolomeo* and *Bradford*. *Bartolomeo USA, L.L.C. v. U.S. Dep't of Hous. & Urb. Dev.*, No. 21-10493, 2021 WL 5458117, at *2 (5th Cir. Nov. 22, 2021); *Bradford v. U.S. Dep't of Agric., Rural Dev.*, 606 F. App'x 259, 260 (5th Cir. 2015). In both opinions, the Fifth Circuit appears to state that § 2410 would have conferred subject matter jurisdiction if the government had possessed the necessary property interest for the matters to

proceed. *Bartolomeo*, 2021 WL 5458117, at *2; *Bradford*, 606 F. App'x at 260. This issue, however, was not determinative in either proceeding and the circuit court's statements were *dicta*. *See Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004) ("A statement is dictum if it 'could have been deleted without seriously impairing the analytical foundations of the holding' and 'being peripheral, may not have received the full and careful consideration of the court that uttered it.'" (quoting *Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000))). Accordingly, these two cases do not control over *Hussain*. *Nationstar Mortg., LLC v. Abbott*, No. 4:25-CV-04399, 2026 WL 1765978, at *2 (S.D. Tex. Apr. 29, 2026); *Planet Homes Lending, LLC v. Rivera*, No. 3:25-CV-2550-E-BN, 2025 WL 3635837, at *3 (N.D. Tex. Oct. 29, 2025).

The Fifth Circuit's "rule of orderliness" states "earlier published decisions control over the later unpublished ones," substantiating this court's reliance on *Hussain*. *Lakeview Loan Servicing, LLC v. Bolton*, No. 3:25-CV-1786-G-BN, 2025 WL 3144977, at *3 (N.D. Tex. Sept. 18, 2025) (citing *Poole v. Ciry of Shreveport*, 13 F.4th 420, 426 (5th Cir. 2021); *accord Rivera*, 2025 WL 3635837, at *3. Accordingly, federal subject matter jurisdiction under § 2410 is conditioned upon the government's removal under § 1444, as announced in *Hussain*. *Hussain*, 311 F.3d at 629.

C. Section 1332

In the complaint, Plaintiff further contends, "without SBA as a party, this Court has jurisdiction over the controversy under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and the [Defaulting] Defendants, and the amount in controversy exceeds $75,000.00." Plaintiff, however, provides no basis for disregarding the SBA as a party to this

lawsuit when determining subject matter jurisdiction. Additionally, in its supplemental briefing, Plaintiff does not assert diversity as a basis for subject matter jurisdiction.

For purposes of diversity jurisdiction, the definition of a "citizen" of a state does not include the United States, federal agencies, or federal officers sued in their official capacities. *Bankers' Trust Co. v. Tex. & P. Ry. Co.*, 241 U.S. 295, 309 (1916); *Rywelski v. Biden*, No. 23-5099, 2024 WL 1905670, at *1 (10th Cir. May 1, 2024); *Com. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) ("It is well established . . . that the United States is not a citizen for diversity purposes and that 'U.S. agencies cannot be sued in diversity.'" (quoting *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991))); *Lummis v. White*, 629 F.2d 397 (5th Cir. 1980), *rev'd on other grounds sub nom. Cory v. White*, 457 U.S. 85 (1982); *Planet Home Lending, LLC v. Collins*, No. 1:26-cv-134, 2026 WL 1984337, at *3 (M.D. Ala. July 9, 2026); *Newrez, LLC v. Stewart*, No. 2:25-CV-113-Z-BR, 2025 WL 3144916, at *2 (N.D. Tex. Oct. 23, 2025), *adopted by* 2025 WL 3143300 (N.D. Tex. Nov. 10, 2025). Therefore, in actions against the United States or in which the United States is an indispensable party to the suit, diversity jurisdiction is not available as a basis for subject matter jurisdiction. *Rywelski*, 2024 WL 1905670, at *1; *Com. Union Ins. Co.*, 999 F.2d at 584; *Dep't of Health & Rehab. Servs. v. Davis*, 616 F.2d 828, 833 (5th Cir. 1980); *Cent. Stickstof Verkoopkantor, N.V. v. Ala. State Docks Dep't*, 415 F.2d 452, 457 (5th Cir. 1969).

D. <u>Fairness and Judicial Economy</u>

Subject matter jurisdiction is "the first principle of federal jurisdiction." *Travis County*, 910 F.3d at 811. Hence, "[w]here a court lacks the statutory power to adjudicate a case, it *must* dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l*

*Union Fire Ins. Co. of Pittsburgh*, No. 3:15-CV-2420-B, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010) (emphasis added). The court is exercising its right to raise the issue of subject matter jurisdiction *sua sponte*. *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996). This case is in the early stages of the proceedings. A Consent Order was entered between Plaintiff and the SBA and there remains pending Plaintiff's motion for default judgment against the Defaulting Defendants. Further, "[t]he court's dismissal of a plaintiff's case [due to lack of] subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court may not proceed on the merits of this case without subject matter jurisdiction.

III. Conclusion

Plaintiff failed to meet its burden to establish federal jurisdiction exists in these proceedings. Therefore, this case is dismissed without prejudice for want of jurisdiction. *See* FED. R. CIV. P. 12(h)(3). The Consent Order (#29) is vacated. The clerk of court is instructed to close this matter and deny as moot any pending motions.

SIGNED at Beaumont, Texas, this 2nd day of September, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE